IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN RICHARD COUDRIET, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 11-185E |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| ANTHONY VARDARO, et al, | ) | |
| | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.  RECOMMENDATION**

It is respectfully recommended that Plaintiff's request for temporary restraining order [ECF No. 129] be denied.

**II.  REPORT**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action under 42 U.S.C. § 1983 on September 1, 2011.  Named as Defendants are: Judge Anthony Vardaro; Warden Brian Coleman; Chief of Police John Rictor; Assistant District Attorney Paula DiGiacomo; District Attorney Francis Schultz; Nurses Susan Berrier and Matthew Lewicki; Doctor Mark Casteel; Doctor Michael Herbik; Warden Tim Lewis; Bail Bond Agent Trace McCraken; Magistrate Judge Michael Rossi; Counselor Jamiee Gaster; P.S.S. Debra Husarchik; Psychologist Gary Gallucci; and Psychiatrist Peter Saavedra.

1

Plaintiff's complaint is 41-pages long, with over one hundred pages of attached exhibits, and it is difficult to decipher his many claims against the numerous Defendants. Liberally construing the pro se pleadings, it seems that Plaintiff is alleging that his federal constitutional rights have been violated by the numerous Defendants, mostly in conjunction with his arrest and conviction involving corruption of minors, statutory sexual assault, and aggravated indecent assault in early 2005. Plaintiff also presents claims involving alleged civil rights violations that have occurred within the state prison system since his incarceration. As relief, Plaintiff seeks over ten million dollars in compensatory damages, ten million dollars in punitive damages, as well as declaratory and injunctive relief. ECF No. 5.

By Order dated March 9, 2012, this case was administratively closed pending the completion of a search for counsel to represent Plaintiff. ECF No. 121.

On July 18, 2012, Plaintiff filed a "Order to Show Cause for Temporary Restraining Order." ECF No. 129. Plaintiff requests that this Court issue an order directing that Defendant Warden Brian Coleman be restrained from unlawfully holding Plaintiff in custody against his will. Id.

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). In determining whether to grant a preliminary injunction or a temporary restraining order, a court must consider whether the party seeking the preliminary injunctive relief has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc.

v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F.3d 139, 145 (3d Cir. 2010).

As a court sitting in equity, the district court must weigh the four factors, but it is not incumbent on the movant to prevail on all four factors, only on the overall need for an injunction. Neo Gen Screening, Inc. v. TeleChem Intern., Inc., 69 Fed.Appx 550, 554 (3d Cir. 2003). Because a preliminary injunction is an extraordinary remedy, the party seeking the injunctive relief must demonstrate, at a minimum, that he has a likelihood of success on the merits and that he likely faces irreparable harm in the absence of an injunction. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). As these elements suggest, there must be a "relationship between the injury claimed in the party's motion [for injunctive relief] and the conduct asserted in the complaint." Little v. Johns, 607 F.3d 1245, 1251 (10th Cir. 2010). See also Ball v. Famiglio, 396 Fed.Appx 836, 837 (3d Cir. 2010).

Here, Plaintiff's request for injunctive relief (i.e., his request to be released from prison) is not cognizable in this civil rights action. See Heck v. Humphrey, 512 U.S. 477, 487 (1994) (When "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," § 1983 is not an available remedy.); Skinner v. Switzer, ___ U.S. ___, 131 S.Ct. 1289 (2011); Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or the appropriate state relief) instead.").[1]

Therefore, Plaintiff's request for injunctive relief is inappropriate and should be denied.

---

[1] Additionally, Plaintiff has not demonstrated that he will be irreparably harmed if the injunction does not issue.

3

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's request for temporary restraining order [ECF No. 129] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of appellate rights. See <u>Brightwell v. Lehman</u>, 637 F.3d 187, 194 n.7 (3d Cir. 2011); <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 24, 2012