IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN RICHARD COUDRIET, | ) | |
| Plaintiff, | ) | Civil Action No. 11-185 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| ANTHONY VARDARO, et al, | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
as to the motion to dismiss filed by Defendant Lewicki

**I. RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Lewicki [ECF No. 119] be granted. The Clerk of Courts should be directed to terminate Defendant Lewicki from the docket.

**II. REPORT**

**A. Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on September 1, 2011. Plaintiff names the following as Defendants to this action: the Honorable Anthony Vardaro of the Crawford County Court of Common Pleas; Warden Brian Coleman; Gary Alizzeo, Esquire; Chief of Police John Rictor; Assistant District Attorney Paula DiGiacomo; District Attorney Francis Schultz; Nurse Matthew Lewicki; Dr. Mark Casteel, Dr. Michael Herbik; Warden Tim Lewis; Bail Bond Agent Trace McCracken; Magistrate Judge Michael

1

Rossi of the Magisterial District Court; Counselor Jamiee Gaster; P.S.S. Debra Husarchik; Psychologist Gary Gallucci; and Psychiatrist Peter Saavedra.[1]

Plaintiff alleges that his state and federal constitutional rights have been violated in numerous ways by the named Defendants and seeks relief under 42 U.S.C. § 1983. ECF No. 5. This Report and Recommendation is limited to a discussion of the allegations involving Defendant Lewicki for actions that occurred during Plaintiff's temporary incarceration at the Crawford County Correctional Facility around January of 2010.

Although Plaintiff's complaint provides a lengthy and detailed explanation of his version of events dating back to January of 2005, his claims against Defendant Lewicki are limited. Around January of 2010, Plaintiff was incarcerated at the Crawford County Correctional Facility. ECF No. 5, ¶¶ 84-5. After experiencing abdominal pain, Plaintiff was diagnosed with an impacted bowel and he was transported to Meadville Medical Center. Id. at ¶ 86. There, he was examined by two nurses (presumably one of those nurses is Defendant Lewicki). Plaintiff alleges that he was misdiagnosed at the Meadville Medical Center and that he should have undergone a CT scan, a colonoscopy and surgery. Id. As relief for these and other alleged constitutional violations, Plaintiff seeks monetary damages, as well as his freedom from incarceration[2]. Id. at ¶¶ 113-14.

---

[1] Defendants Vardaro, Rossi, Alizzeo, DiGiacomo, Schultz, and Lewis have been previously dismissed from this case by court orders (see ECF Nos. 146, 151, 160 and 161), while the claims against Defendant Casteel have been voluntarily withdrawn by Plaintiff (see ECF No. 145). The docket reflects that Defendants Gaster and McCracken have not been served with a copy of the complaint. See ECF Nos. 17, 18.

[2] To the extent that Plaintiff seeks release from incarceration, his claims are not cognizable under § 1983 and his exclusive remedy is a petition for writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) citing Preiser v. Rodriquez, 411 U.S. 475, 489 (1973) and Wolff v. McDonnell, 418 U.S. 539, 554 (1974).

By Order entered March 9, 2012, this Court granted Plaintiff's request for the appointment of counsel and directed the Clerk of Courts to seek legal representation for Plaintiff. ECF No. 121. During the pendency of this process, this case was administratively closed[3] and all filing deadlines were held in abeyance. Following at least three Declinations of Request for Appointment by attorneys who reviewed the pleadings in this case, this Court re-opened the case and informed Plaintiff that he will be representing himself in this matter.

After initially having default entered against him and subsequently having the default lifted by this Court, Defendant Lewicki filed a motion to dismiss. ECF No. 119. Plaintiff has filed a brief in opposition to the pending motion. ECF No. 126. The matters raised in this motion to dismiss are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal

---

[3] Despite the administrative closing of this case, Plaintiff continued to file pleadings and documents including an appeal to the United States Court of Appeals for the Third Circuit.

pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations

4

contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Plaintiff has attached pages and pages of exhibits to his pleadings. However, the use of these exhibits by this Court does not convert the motions to dismiss for failure to state a claim into motions for summary judgment. Pryor v. National Collegiate Athletic Association, 288 F.3d

5

548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### C. Deliberate indifference

Plaintiff alleges that in December 2009/January 2010 while at Crawford County Correctional Facility for a PCRA hearing, a fellow inmate poisoned him with acid-laced vanilla cake. Plaintiff alleges that his "feces or stool was gathering around the acid frosting eating away at the wall of [his] colon until the colon became impacted with stool, feces, and [he] was throwing up food because it would not pass through [his] system." ECF No. 5, page 27. Plaintiff was diagnosed with an impacted bowel by an unnamed nurse at Crawford County Correctional Facility, and was transported to Meadville Medical Center for medical treatment. While at the hospital, Plaintiff alleges that he was not examined by any doctor, but was examined by two nurses. He was given x-rays and prescribed with Miralax and Magcitrate after being diagnosed with constipation. Plaintiff avers that he was misdiagnosed "due to not properly testing me by means of cat scan, colonoscopy, and needed surgery." Id. at page 28.

In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). The standard is two-pronged, "[i]t requires deliberate indifference on the part of prison officials and it requires that the prisoner's medical needs be serious." West v. Keve, 571 F.2d 158, 161 (3d Cir. 1978). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would

easily recognize the necessity for a doctor's attention." Monmouth County Corr'al. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  A serious medical need may also arise "... when a delay in or denial of requested medical treatment causes an inmate to suffer a lifelong handicap or permanent loss." Peterson v. Achebe, 2007 WL 1381753, at *3 (D.N.J. 2007) citing Lanzaro, 834 F.2d at 347.

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104.  Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, Durmer v. O'Carroll, 991 F.2d 34, 38 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," White v. Napoleon, 987 F.2d 103, 109 (3d Cir. 1990).

However, mere misdiagnosis or negligent treatment is not actionable under § 1983 as an Eighth Amendment claim because medical malpractice is not a constitutional violation.  Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Neglect, carelessness or malpractice is more properly the subject of a tort action in the state courts." Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1081 (3d Cir. 1976).  See also White, 897 F.2d at 108 ("mere medical malpractice cannot give rise to a violation of the Eighth Amendment."). "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that so long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) citing Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  Deliberate indifference is generally not found when some

level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). There is necessarily a distinction between a case in which the prisoner claims a complete denial of medical treatment and one where the prisoner has received some medical attention and the dispute is over the adequacy of the treatment. United States ex rel. Walker v. Fayette County, 599 F .2d 533, 575 n. 2 (3d Cir.1979).

Plaintiff has not made any allegation to factually support the personal involvement and/or acquiescence of Defendant Lewicki in the alleged inadequate medical care Plaintiff received at Meadville Medical Center as he must in order to state a § 1983 claim against him. However, for purposes of this pending motion, this Court assumes, *arguendo*, that Plaintiff is alleging that Defendant Lewicki is one of the two nurses at Meadville Medical Center who violated his constitutional rights. Even if Plaintiff could factually support Defendant Lewicki's personal involvement in the inadequate medical care, he has not stated a claim upon which relief may be granted.

Plaintiff's own allegations, along with the exhibits attached to his complaint, provide a narrative of the medical treatment he received at Meadville Medical Center. ECF No. 5, pages 27-28; ECF No. 5-20, pages 1-11. Plaintiff was taken to Meadville Medical Center where he underwent x-rays, a CT scan, and blood work. Id. Plaintiff was treated and released with medication (laxatives) and instructions (to drink water). Id. This set of facts hardly implicates deliberate indifference to a serious medical need on the part of Lewicki, or any other employee of Meadville Medical Center. Instead, Plaintiff's allegations focus on his dissatisfaction with the medical treatment he received from Defendant Lewicki. Plaintiff believes that a different course of treatment was warranted. However, "mere disagreements over medical judgment" do not rise

8

to the level of an Eighth Amendment violation. White, 897 F.2d at 110. Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determination remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) quoting Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir. 1977). Accordingly, Plaintiff has failed to state a claim against Defendant Lewicki and his motion to dismiss should be granted.

Plaintiff has twice attempted to amend his complaint. ECF Nos. 82, 116, 128. None of these proposed amendments have overcome the deficiencies of the original complaint, and so any further attempt to amend the complaint as to Defendant Lewicki should be denied as futile. See Federal Rules of Civil Procedure 15(a)(2) (stating that "the court should freely give leave when justice so requires."); Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason--such as […] futility of amendment ….-- the leave sought should, as the rules require, be freely given.").

Furthermore, as all of the federal claims against this Defendant should be dismissed, this Court should decline to exercise supplemental jurisdiction over the state law claims of medical malpractice against him. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right.... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Lewicki [ECF No. 119] be granted. The Clerk of Courts should be directed to terminate Defendant Lewicki from the docket.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 25, 2013