IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN RICHARD COUDRIET, | ) | |
|     Plaintiff, | ) | Civil Action No. 11-185 Erie |
| | ) | |
|     v. | ) | District Judge McLaughlin |
| | ) | |
| ANTHONY VARDARO, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**as to the motion to dismiss filed by Defendant Rictor**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendant Rictor [ECF No. 60, 153] be granted. The Clerk of Courts should be directed to terminate this Defendant from the docket.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on September 1, 2011. Plaintiff names the following as Defendants[1] to this action: the Honorable Anthony

---

[1] Plaintiff asserts his claims against each of the named Defendants in both their official and individual capacities. To the extent that he seeks to sue Defendant Rictor in his official capacities, such claims should be dismissed as the Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Educ. v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity).

1

Vardaro of the Crawford County Court of Common Pleas; Warden Brian Coleman; Gary Alizzeo, Esquire; Chief of Police John Rictor; Assistant District Attorney Paula DiGiacomo; District Attorney Francis Schultz; Nurse Matthew Lewicki; Dr. Mark Casteel, Dr. Michael Herbik; Warden Tim Lewis; Bail Bond Agent Trace McCracken; Magistrate Judge Michael Rossi of the Magisterial District Court; Counselor Jamiee Gaster; P.S.S. Debra Husarchik; Psychologist Gary Gallucci; and Psychiatrist Peter Saavedra.[2]

Plaintiff alleges that his state and federal constitutional rights have been violated in numerous ways by the named Defendants and seeks relief under 42 U.S.C. § 1983. ECF No. 5. This Report and Recommendation is limited to a discussion of the allegations involving Defendant Police Chief John Rictor.

Plaintiff provides a lengthy and detailed explanation of his version of events that led up to his arrest and conviction in the Crawford County Court of Common Pleas around 2006. Plaintiff alleges that his arrest, prosecution, detention, and conviction were illegal, not based upon probable cause, and were violative of his constitutional rights. Plaintiff alleges that Rictor unlawfully arrested him without a valid warrant and falsified the affidavit of probable cause. Id. at ¶ 99. See also ¶¶ 12, 33, 35, 37, 39, and 43. As relief for these and other alleged constitutional violations, Plaintiff seeks monetary damages, as well as his freedom from incarceration[3]. Id. at ¶¶ 113-14.

---

[2] Defendants Vardaro, Rossi, Alizzeo, DiGiacomo, Schultz, and Lewis have been previously dismissed from this case by court orders (see ECF Nos. 146, 151, 160 and 161), while the claims against Defendant Casteel have been voluntarily withdrawn by Plaintiff (see ECF No. 145). The docket reflects that Defendants Gaster and McCracken have not been served with a copy of the complaint. See ECF Nos. 17, 18.

[3] To the extent that Plaintiff seeks release from incarceration, his claims are not cognizable under § 1983 and his exclusive remedy is a petition for writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) citing Preiser v. Rodriquez, 411 U.S. 475, 489 (1973) and Wolff v. McDonnell, 418 U.S. 539, 554 (1974).

In response to the Complaint, Defendant Rictor filed a motion to dismiss. ECF No. 60. Plaintiff filed a brief in opposition to the motion to dismiss. ECF No. 80.

In his motion to dismiss, Rictor argues for dismissal based upon: statute of limitations; Rooker Feldman doctrine, and qualified immunity. ECF No. 61.

By Order entered March 9, 2012, this Court granted Plaintiff's request for the appointment of counsel and directed the Clerk of Courts to seek legal representation for Plaintiff. ECF No. 121. During the pendency of this process, this case was administratively closed[4] and all filing deadlines were held in abeyance. Following at least three Declinations of Request for Appointment by attorneys who reviewed the pleadings in this case, this Court re-opened this case and informed Plaintiff that he will be representing himself in this matter.

Since the filing of the dispositive motion by these Defendants, Plaintiff has twice attempted to amend his complaint. ECF No. 82, 116, 128. The motions to amend were denied and Defendant Rictor renewed his motion to dismiss against the original complaint. See ECF No. 153. The matters raised in the motion to dismiss by Defendant Rictor are fully briefed and are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro se* litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor

---

[4] Despite the administrative closing of this case, Plaintiff continued to file pleadings and documents including an appeal to the United States Court of Appeals for the Third Circuit.

3

syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion to dismiss pursuant to 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

4

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

5

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

Plaintiff has attached pages and pages of exhibits to his pleadings. However, the use of these exhibits by this Court does not convert Defendant Rictor's motion to dismiss for failure to state a claim into a motion for summary judgment. Pryor v. National Collegiate Athletic Association, 288 F.3d 548, 560 (3d Cir. 2002) ("...certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of an Federal Rule of Civil Procedure 12(b)(6) motion to dismiss to an Federal Rule of Civil Procedure 56 motion for summary judgment.").

### C. Statute of limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp., Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). Thus, based on Pennsylvania's applicable statute of limitations, generally a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. (Pa.) 1996); McCreary v. Redevelopment Authority of The City of Erie, 2011 WL 1848333, at *2 (3d Cir. 2011) citing Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009).[5]

---

[5] In this case, Plaintiff's original complaint was received by the Clerk of Courts on September 1, 2011. Thus, barring any exception or any tolling provision, any claims raised by Plaintiff arising from events that occurred prior to September 1, 2009, are barred by the applicable statute of limitations.

6

However, "the accrual date for a § 1983 claim is a question of federal law that is *not* resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007) (emphasis in original). Accrual occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Id. (internal citations omitted). Generally, accrual is a straight-forward principle. However, "what blurs the application here of the accrual rule – that a claim accrues when the wrongful act results in damages – is the decision in Heck v. Humphrey […] that a claim for malicious prosecution accrues only where 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" Dique v. New Jersey State Police, 603 F.3d 181, (3d Cir. 2010) quoting Heck v. Humphrey, 512 U.S. 477 (1994).[6] In other words, the Heck favorable termination requirement operates to defer the accrual date on any civil rights claims that necessarily implicate the invalidity of the underlying conviction.[7]

---

[6] The Supreme Court continued "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to section 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement." Heck, 512 U.S. at 486.

[7] In White v. Pennsylvania State Police, Troop D Butler County, PA, 408 Fed.Appx 521, 523 (3d Cir. 2010), the Third Circuit characterized the requirement as one of cognizability, rather than accrual:

> A state prisoner's section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of his conviction. Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005) citing Heck, 512 U.S. at 486-87. As a prerequisite to a civil suit, a plaintiff must prove that his conviction and sentence have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. A claim bearing the necessary relationship to a conviction or sentence that has not been invalidated is not cognizable. See id. at 487.

This Court liberally construes Plaintiff's claims against Defendant Rictor as based upon illegal search and seizure (based upon the seizure of Plaintiff's DNA), false arrest/imprisonment and selective enforcement.

For the false arrest/false imprisonment claims[8] (based on the allegedly falsified evidence), as well as selective enforcement claims[9] (based on the allegedly disparate treatment of Plaintiff and his similarly situated brother who was charged differently for the same crimes against the same victim), the statute of limitations begins to run "at the time the claimant becomes detained pursuant to legal process." Wallace, 549 U.S. 384. See also LeBlanc v. Stedman, 2012 WL 1528532, at *3 (3d Cir. May 2, 2012) quoting Wallace, 549 U.S. at 397; Doswell v. City of Pittsburgh, 2007 WL 2907886 (W.D. Pa. 2007) (false arrest/imprisonment); Dique, 603 F.3d at 183 ("In Gibson v. Superintendent of New Jersey Department of Law & Public Safety – Division of State Police, 411 F.3d 427 (3d Cir. 2005), we held, relying on the rule of Heck v. Humphrey […], that the statute of limitations for a selective-enforcement claim "did not begin to run until [the] sentence was vacated." Gibson, 411 F.3d at 441. We believe, however, that the Supreme Court's decision in Wallace […], which clarified the Heck rule, extends to Fourteenth Amendment selective-enforcement claims and thus overrides our decision in Gibson."). Furthermore, the illegal search claim accrued at the time of the search. Rodwell v. Weaver, 2012 WL 4955249, at * 5 (D.N.J. Oct. 10, 2012) (in an illegal search claim, "the limitations period is not tolled by the pendency of state criminal proceedings. Any federal

---

[8] "The elements of false arrest/false imprisonment are: 1) the detention of another person 2) that is unlawful." Milbourne-Hunter v. Hittle, 2012 WL 5677470, at *4 (E.D.Pa. Nov. 15, 2012) quoting Manley v. Fitzgerald, 997 A.2d 1235, 1241 (Pa.Commw.2010).

[9] To establish a selective enforcement claim, "a plaintiff must demonstrate: 1) that he was treated differently from other similarly situated individuals, and 2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, … or to prevent the exercise of a fundamental right." See Dique, 603 F.3d at 184 n5.

Section 1983 claim based on the Fourth Amendment, then, must be brought within the statute of limitations, irrespective of pending or concluded state criminal proceedings."). Consequently, Plaintiff's claims in this regard are barred by the statute of limitations as his DNA was seized and he was arrested and charged in March and April of 2005, well beyond the two-year statute of limitations. Accordingly, Defendant Rictor's motion to dismiss should be granted.

Since the filing of the dispositive motion by Defendant Rictor, Plaintiff has twice attempted to amend his complaint. ECF Nos. 82, 116, 128. None of these proposed amendments have overcome the deficiencies in the original complaint, and so any further attempt to amend the complaint as to this moving Defendant should be denied as futile. See Federal Rules of Civil Procedure 15(a)(2) (stating that "the court should freely give leave when justice so requires."); Foman v. Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason--such as […] futility of amendment ….-- the leave sought should, as the rules require, be freely given.").

Furthermore, as all of the federal claims against this Defendant should be dismissed, this Court should decline to exercise supplemental jurisdiction over the state law claims against them. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) ("That power [of supplemental jurisdiction] need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent [or supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right.... Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well.").

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendant Rictor [ECF No. 60, 153] be granted. The Clerk of Courts should be directed to terminate this Defendant from the docket.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: February 25, 2013